**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**WICHITA FALLS DIVISION**

| | | |
|---|---|---|
| **DEONDRAY RAYMOND MASON,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 7:24-cv-005-O** |
| | § | |
| **BOBBY LUMPKIN,** | § | |
| **Director, TDCJ-CID,** | § | |
| | § | |
| **Respondent.** | § | |

**OPINION AND ORDER**

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner, Deondray Raymond Mason, ("Mason"), a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ-CID). After considering the pleadings and relief sought by Mason, and the record of his other case filings, the Court concludes that the § 2254 petition challenging an underlying state court conviction must be **DISMISSED** with prejudice as time-barred, and the § 2254 petition challenging different disciplinary proceedings must be **DISMISSED** without prejudice.

## I. BACKGROUND

Mason has repeatedly filed frivolous litigation. As a result, he has been declared a vexatious litigant in an order entered in *Mason v. Smith*, No. 2:23-CV-172-BR (N.D. Tex. December 18, 2023). Relatedly, CM/ECF lists fourteen cases filed under 28 U.S.C. § 2254 in the Northern District of Texas in the name of Deondray Raymond Mason filed from 2020 through 2023. At approximately the same time he filed numerous § 2254 petitions in this district, he sent the § 2254 petition that later became this case to the United States District Court for the District

of New Mexico on March 20, 2023. M*ason v. Smith*, No. 1:23-cv-0238-MLG-LF (D. N. Mex. Mar. 20, 2023). The docket shows that, other than the filing by Mason of an amended petition, the case in New Mexico was inactive until January 5, 2024, when the case was transferred from New Mexico to this the Wichita Falls division of the Northern District of Texas, given the above-referenced case number and assigned to the "O" docket of the undersigned. Order and New Case notes, ECF Nos. 6, 7, and 8. This Court then issued an order severing Mason's civil rights claims against several individual defendants into separate number 7:24-cv-008-O, and dismissed that case because Mason has a three-strike bar to filing. *See Mason v. James V. Allred Unit*, No. 7:24-cv-008-O (N. D. Tex. Jan. 19, 2024).

The amended § 2254 petition shows that Mason is in custody pursuant to the judgment and sentence of the 40th Judicial District Court of Ellis County, Texas. Am. Pet. 1-2, ECF No. 3. Mason was convicted of burglary of a habitation and sentenced to seven years on April 5, 2018. *Id.* In this case Mason purports to challenge both that same conviction and several disciplinary proceedings. Am. Pet. 2, 5-6, ECF No. 3. Although it appears Mason filed a prior § 2254 petition challenging this same Ellis County conviction for burglary of a habitation, that petition was dismissed without prejudice under Federal Rule of Civil Procedure 41(b). *See e.g. Mason v. FNU LNU*, No. 3:22-cv-958-S-BT, 2022 WL 2792216 (N.D. Tex. June 3, 2022), *rep. and rec. adopted*, 2022 WL 2790654 (N.D. Tex. July 14, 2022). Thus, that disposition does not mean that the instant habeas application should be considered successive under 28 U.S.C. § 2244(b). *See, e,.g., Jones v. Dir. TDCJ-CID*, No. 3:21-cv-1445-S-BN, 2021 WL 3940635 at *1 (N.D. Tex. Aug. 17, 2021), *rep. and rec. adopted*, 2021 WL 3930724 (N.D. Tex. Sep. 1, 2021).

Moreover, however, Mason also filed another § 2254 petition challenging this same

conviction in *Mason v. Director, TDCJ-CID*, No. 3:23-cv-2102-E (BN). That case was filed on September 19, 2023, and resolved in November 2023. *Id*, No. 3:23-cv-2102 (November 14, 2023 Order and Final Judgment). Again, because that case was filed several months after this case was filed in New Mexico, this case is also not considered as a successive § 2254 petition. But in that case, as explained in detail below, the Court reviewed whether the petition was barred by the applicable statute of limitations and determined that it was. *Mason v. Director-TDCJ-CID*, No. 3:23-cv-2102-E-BN (N.D.Tex.October 20, 2023) (Findings, Conclusions and Recommendation), *rep. and rec. adopted*, (N.D. Tex. Nov. 14, 2023). Upon review, this Court finds that to the extent the instant § 2254 petition challenges Mason's April 2018 Ellis County conviction, it must be dismissed as barred by the applicable statute of limitations for the reasons set forth in case number 3:23-cv-2102.

## II. ANALYSIS-Statute of Limitations

### A. Applicable Law

Title 28, United States Code, § 2244(d) imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. Section 2244(d) provides:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially

> recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)–(2).

As an initial matter, the record does not indicate that any unconstitutional "State action" prevented Mason from filing for federal habeas corpus relief prior to the end of the limitations period. *See* 28 U.S.C. § 2244(d)(1)(B). Also, Mason's claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review. *See* 28 U.S.C. 2244(d)(1)(C). Further, Mason has not shown that he could not have discovered the factual predicate of his claims until a date after the date his conviction became final. See 28 U.S.C. § 2244(d)(1)(D). Rather, the date the limitations period began to run on Mason's claims in the instance case, is the "date on which the judgment became final by the conclusion of direct review of the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

**B. Application**

In the prior case filed in the Dallas division, the court explained:

> Turning to limitations, the timeliness of most Section 2254 applications is determined under Subsection A, based on the date on which the state criminal judgment became final. Such a judgment becomes final under AEDPA "when there is no more 'availability of direct appeal to the state courts.'" *Frosch v.*

*Thaler*, No. 2:12-cv-231, 2013 WL 271423, at *1 (N.D. Tex. Jan. 3, 2013) (quoting *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009)), *rec. adopted*, 2013 WL 271446 (N.D. Tex. Jan. 24, 2013).

Subsection A applies here. Mason did not appeal his April 5, 2018 conviction for burglary of a habitation. See Dkt. No. 6 at 2-3. This means that the conviction became final for federal-limitations purposes on the thirtieth day after it was imposed that was not a Saturday, Sunday, or legal holiday – which was Monday, May 7, 2018. See TEX. R. APP. P. 26.2(a)(1); TEX. R. APP. P. 4.1(a).

Although Mason later filed a state habeas petition, *see Ex parte Mason*, WR- 92,825-01 (Tex. Crim. App.) (denied without written order on the findings of the trial court on July 14, 2021), Mason has not shown that he filed this petition "within the one-year period" that commenced on May 7, 2018, so "it did not statutorily toll the limitation clock," *Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013) (citing *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (citing, in turn, 28 U.S.C. § 2244(d)(2))).

Even if he had made this showing – and the Court measures timeliness from the denial from the Texas Court of Criminal Appeals's July 14, 2021 denial – the current Section 2254 application is filed more than a year too late, as Mason has not shown, for instance, how the pendency of a subsequent state habeas application, dismissed as an abuse of the writ, *see Ex parte Mason*, WR-92,825-02 (Tex. Crim. App. June 21, 2023), tolls the limitations period such that the current Section 2254 application may be considered timely filed. *Cf. Duncan v. Walker*, 533 U.S. 167, 181-
82 (2001) (concluding "that § 2244(d)(2) does not toll the limitation period during the pendency of a federal habeas petition").

And, while it seems that Mason now argues that this Section 2254 application should be considered timely based on "newly found evidence," which he also claims supports a ground for relief, Dkt. No. 6 at 6 & 9, Mason fails to identify this evidence or state when it was discovered. So his conclusory assertions prevent the Court from determining the reasonableness of Mason's diligence and do not provide a basis for equitable tolling. *Cf. In re Young*, 789 F.3d 518, 528 (5th Cir. 2015) (Timeliness under 28 U.S.C. § 2244(d)(1)(D) runs from "the date a petitioner is on notice of the facts which would support a claim, not the date on which the petitioner has in his possession evidence to support his claim." (citing *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir. 1998))).

The Section 2254 petition should therefore be dismissed as time barred.

*Mason v. Director-TDCJ-CID*, No. 3:23-cv-2102-E-BN (N.D. Tex. Oct. 20,2023) (Findings, Conclusions, and Recommendation), *rep and rec. adopted,* (N.D. Tex. Nov. 14, 2023).

The instant § 2254 petition was constructively filed when it was delivered to the District Court in New Mexico on March 5, 2023. Pet. 10, ECF No. 1. Like the § 2254 petition analyzed above, Mason's § 2254 petition challenging his April 2018 Ellis County conviction in this case is also filed beyond the applicable limitations period and must be dismissed.

## III. DISCIPLINARY CASES

In the § 2254 petition filed in this case, in addition to challenging the 2018 Ellis County conviction, Mason also checked off that he was challenging disciplinary proceedings. Am. Pet. 2, 5, ECF No. 3. But Mason did not focus his claims on a particular disciplinary charge, instead reciting that he has disciplinary cases that arise from different institutions such as the Byrd unit, the Price Daniels unit, the Bill Clements unit, and the Smith unit. Pet 5, ECF No. 1. As noted in the background section of this Order, Mason has already filed numerous § 2254 petitions, including multiple challenges to different disciplinary proceedings. Thus, Mason's generic effort to challenge multiple disciplinary proceedings in this one case must be dismissed without prejudice to his right to file a challenge to a particular disciplinary proceeding that has not already been resolved.

## IV. CONCLUSION and ORDER

It is therefore **ORDERED** that Mason's petition under 28 U.S.C. § 2254 challenging his 2018 Ellis County conviction is **DISMISSED WITH PREJUDICE**, and Mason's challenges to multiple disciplinary convictions under 28 U.S.C. § 2254 are **DISMISSED** without prejudice to his right to file a challenge to a particular disciplinary proceeding that has not already been

resolved.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, it is **ORDERED** that a certificate of appealability is **DENIED**.

**SO ORDERED** on this **23rd day** of **July, 2024.**

Reed O'Connor
UNITED STATES DISTRICT JUDGE